UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

TSLC I, Inc.,                     Case No. 8:04-bk-24134-MGW
                                    Chapter 11
      Debtor(s).             Jointly Administered

_____/

**Memorandum Decision Approving Administrative
Expense Claim of Avondale Mills, Inc.**

Avondale Mills, Inc. ("Avondale") was one of four critical vendors paid in this case by the debtor, Tropical Sportswear Int'l Corporation ("Debtor"). Pursuant to the order approving the payment of the four critical vendors ("Critical Vendors Order") (Doc. No. 164), Avondale was paid 77.5 percent of its pre-petition claim as preliminarily calculated by the Debtor and Avondale subject to the "ultimate" allowance of the unsecured claim. That is, if the amount preliminarily paid under the Critical Vendors Order exceeds the ultimate allowed claim, then Avondale must disgorge any amount it was paid that was in excess of 77.5 percent of its allowed claim.

Subsequent to the petition date, Avondale shipped additional goods to the Debtor on credit. The Debtor has asserted a right of setoff against the amounts owed for these post-petition deliveries based upon Avondale's delivery of defective goods pre-petition. Because this right of setoff

should have been asserted with respect to the resolution of Avondale's pre-petition claim, the Debtor may not now assert this right of setoff against post-petition amounts owed to Avondale. Rather, the setoff may only be asserted to reduce the amount of the pre-petition claim with the result that to the extent that Avondale received more than 77.5 percent of its pre-petition claim under the Critical Vendors Order, Avondale must disgorge such excess. The amount owed to Avondale for its post-petition deliveries shall be allowed as an administrative expense of this chapter 11 case.

### Procedural and Factual Background

On December 16, 2004, the Debtor and certain subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

This matter came before the Court at a final evidentiary hearing held on August 2, 2005, upon Avondale's application for payment of an administrative claim based on Debtor's post-petition setoff ("Application"). The Application seeks entry of an order under section 503 of the Bankruptcy Code for allowance of an administrative claim due to an allegedly improper setoff by the Debtor.

Prior to the filing of these bankruptcy cases, the Debtor conducted business with a variety of vendors, including Avondale. As of the petition date, the Debtor owed Avondale $1,472,355.49.

On the Petition Date, the Debtor filed a motion to pay Avondale's and other vendors' pre-petition claims as critical vendors. The Official Committee of Unsecured Creditors ("Creditors' Committee") filed an objection to that motion. The Creditor's Committee, Avondale, certain other critical vendors, and the Debtor subsequently came to an agreement to resolve the critical vendors' motion and the Committee objection. The Court approved that agreement in its Critical Vendors Order entered on January 28, 2005.

Pursuant to the Critical Vendors Order, the Debtor is to pay Avondale and other critical vendors 77.5 percent of their pre-petition accounts receivable and 100 percent of any valid reclamation claims. A provision of the Critical Vendors Order -- relevant in this matter -- states as follows:

> In the event that the amount paid to any of the Critical Vendors pursuant to this Order exceeds 77.5 percent of the ultimate allowed unsecured claim of the Critical Vendor(s), then the overpayment may be cured through disgorgement by the overpaid Critical Vendor or set off by the estate of the overpayment amount against any amount the Debtors owe to the Critical Vendor(s) for post-petition obligations.

After the Petition Date, Avondale delivered additional goods to the Debtor. The Debtor then informed Avondale that certain pre-petition shipments were defective and sought deductions of $38,412.62. Instead of offsetting these charges against Avondale's pre-petition shipments, the Debtor offset them against Avondale's post-petition shipments. Avondale argues that the Debtor's setoff against a post-petition administrative claim - which will be paid in full - rather than against a pre-petition unsecured claim - which will not be paid in full - is improper. As a result of the Debtor's setoff, Avondale claims damages of $8,642.85 -- the difference between receiving a pre-petition setoff amounting to 77.5 cents on the dollar and receiving a dollar-for-dollar post-petition setoff. Avondale asserts that these damages will constitute a cost of administration if the Debtor does not reverse its setoff.

Conclusions of Law

A setoff is defined as "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." Black's Law Dictionary 1376 (7th edition West Group 1999). It "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylstin Nat. Bank*, 229 U.S. 523, 528 (1913)).

Section 553 of the Bankruptcy Code recognizes the right of setoff; however, both parties in this case agree that section 553 is not relevant here because it only applies to a pre-petition setoff of a creditor against a pre-petition claim of the debtor.[*] If a debtor wishes to claim a setoff against a creditor's post-petition claim, it must be based on section 558. Section 558 provides:

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statute of limitations, statute of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate. 11 U.S.C. § 558.

Courts have found that section 558 preserves to the debtor any pre-petition defenses a debtor may have, including any right to setoff. *See, e.g., In re PSA, Inc.*, 277 B.R. 51 (Bankr. D. Del. 2002); *In re Papercraft Corp.*, 127 B.R. 346 (Bankr. W.D. Pa. 1991); *In re M.W. Ettinger Transfer Co.*, 1988 WL 129334 (Bankr. D. Minn. 1988). Additionally, unlike section 553 -- which gives creditors a right to set off a mutual debt owed to the debtor only if both debts arose prior to the start of the

---

[*] Section 553 provides, in pertinent part:
(a) Except as otherwise provided in this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such crediotr against the debtor that arose before the commencement of the case . . . .
11 U.S.C. § 553(a).

5

bankruptcy action -- courts applying section 558 have eliminated the pre-petition/post-petition distinction and have allowed debtors to set off pre-petition claims against post-petition obligations. *PSA*, 277 B.R. at 53; *Papercraft*, 127 B.R. at 350; *Ettinger*, 1988 WL 129334 at *4.

The Debtor cites *PSA*, *Papercraft*, and *Ettinger* for authority that section 558 allows it to set off pre-petition charges for defective goods against post-petition shipments from Avondale. This situation, however, is distinguishable from those three cases. None of the creditors in the cases cited above had a pre-petition claim against the debtor; all involved a post-petition administrative claim by the creditor and a pre-petition setoff the debtor claimed against the creditor, but no offsetting pre-petition balance due the creditor from the debtor.

Here, the Debtor had a pre-petition claim against Avondale of $38,412.62 for defective goods shipped pre-petition against the $1,472,355.49 the Debtor owed Avondale -- a classic setoff situation governed by section 553. After the petition date, the Debtor paid Avondale 77.5 percent of its pre-petition claim without offsetting Avondale's pre-petition debt for defective goods. Now, the Debtor proposes to set off 100 percent of Avondale's pre-petition debt against Avondale's post-petition administrative claim, saving Debtor -- and costing Avondale --

6

more than $8,000 or the 22.5 percent difference between a pre-petition and post-petition setoff. The Critical Vendors Order, however, expressly contemplated that some adjustments might be necessary to amounts owed pre-petition by the Debtor.

Alternatively, the Debtor argues that the pre-petition setoff was waived by virtue of the Critical Vendor and Reclamation Orders. Again, the Debtor ignores the fact that the Critical Vendor Order took into account that the final pre-petition figures might need modification. That is precisely the situation here. Accordingly, it is

ORDERED:

1. The Motion is granted.

2. The Debtor shall set off $38,412.64 against the pre-petition claim of Avondale.

3. Avondale shall disgorge any amount it was paid that was in excess of 77.5 percent of its allowed pre-petition claim after deducting the Debtor's setoff from Avondale's pre-petition claim.

DONE and ORDERED in Tampa, Florida, this \_1\_ day of November, 2005.

Michael G. Williamson
United States Bankruptcy Judge

Copies furnished to:

*Counsel for Debtors:*

Denise D. Dell-Powell, Esq.
Michael P. Horan, Esq.
Erik P. Kimball, Esq.
Akerman Senterfitt
Post Office Box 3273
Tampa, FL  33601

*Counsel for Official Committee
of Unsecured Creditors:*

John D. Emmanuel, Esq.
Donald R. Kirk, Esq.
Fowler, White, Boggs Banker, P.A.
Post Office Box 1438
Tampa, FL  33601

Shannon Lowry Nagle, Esq.
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY  10038-4982


*Counsel for Critical Vendor
Avondale Mills, Inc.:*

Robert Quinn, Esq.
Robert A. Soriano, Esq.
Carlton Fields, P.A.
Post Office Box 3239
Tampa, FL  33601

*Assistant United States Trustee:*

Benjamin E. Lambers, Esq.
501 E. Polk Street, Suite 1200
Tampa, FL  33602

8